**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ALVIN MILLER**

    Petitioner,

v.                                                  CASE NO: 8:09-CV-147-T-30AEP

**FLORIDA PAROLE COMMISSION**,
et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. # 6) and Petitioner's reply (Dkt. # 7). Upon review, the Court determines that the petition must be denied because Petitioner has alleged state law claims and his privacy was not unconstitutionally invaded.

**I.    BACKGROUND**

Petitioner pled guilty on October 21, 1981, to second degree murder and was subsequently sentenced to life imprisonment (Dkt. # 6, Exhibit A). On August 15, 1989, the Florida Parole Commission released Petitioner to parole supervision, subject to the terms and conditions of parole for life (Dkt. # 6, Exhibit B). Some of those conditions included:

> 4. [Petitioner] shall not (a) use alcohol or intoxicants of any kind in excess (b) use or possess narcotics, drugs, or marijuana unless prescribed by a physician.
>
> 10. During [Petitioner's] parole term, [Petitioner] agree[s] to submit to random testing...
>
> 11. During [Petitioner's] parole term, [Petitioner] agree[s] to submit and pay for urinalysis testing to identify drug usage...Id.

Petitioner acknowledged and agreed that he would abide by the conditions set out above and others on August 14, 1989. Id.

Over the span of approximately ten years, Petitioner's parole officer submitted to the Parole Commission three separate incident reports charging Petitioner with violation of his parole. For the first two violations, the Parole Commission restored Petitioner to parole supervision (Dkt. # 6, Exhibits C, D). On the third parole violation, the Parole Commission revoked Petitioner's parole (Dkt. # 6, Exhibit J). The third parole violation charged Petitioner with using or possessing cocaine after having tested positive for the substance in a drug test (Dkt. # 6, Exhibit E).

On March 3, 2005, Petitioner received notice of a hearing before a Parole Commission examiner concerning the cocaine violation (Dkt. # 6, Exhibit G). On March 7, 2005, Petitioner indicated to the Parole Commission that he was voluntarily waiving his right to counsel and intended on denying the violation. Id. On May 4, 2005, although the Parole Commission examiner recommended that Petitioner be reinstated to life parole after a year of community control (Dkt. # 6, Exhibit H), the Parole Commission decided to revoke

Petitioner's parole and return him to the custody of the Florida State Prison (Dkt. # 6, Exhibit J).

Petitioner immediately challenged the Florida Parole Commission's action. After an improper filing with Florida's First District Court of Appeal (Dkt. # 6, Exhibit K), the Second Judicial Circuit of Florida, on July 6, 2006, denied Petitioner's "Complaint Motion for Declaratory Judgement and Injunctive Relief," citing that the Parole Commission did not abuse its discretion in revoking his parole. Id. Petitioner appealed that and Florida's First District Court of Appeal dismissed Petitioner's case for failing to attach a copy of the order being appealed. Id.

On May 1, 2007, Petitioner filed a Writ of Habeas Corpus in the Third Judicial Circuit of Florida challenging his parole revocation (Dkt. # 6, Exhibit L). Petitioner argued three claims:

> 1a. Petitioner was not eligible to be placed on parole and therefore the Florida Parole Commission did not have authority to revoke his parole.
>
> 1b. The Florida Parole Commission lacked authority under the 1981 version of Fla. Stat. § 947.18, to require the Petitioner to submit to random drug testing.
>
> 2. The Florida Parole Commission violated the Petitioner's constitutional rights when it required him to submit to urinalysis testing without probable cause. Id.

On June 21, 2007, the Third Judicial Circuit denied Petitioner's petition (Dkt. # 6, Exhibit M). Petitioner then motioned for the Third Judicial Circuit to rehear his case, but was subsequently denied (Dkt. # 6, Exhibit N). Petitioner appealed the Third Judicial Circuit's order to the First District Court of Appeal of Florida and was subsequently denied on the merits on September 18, 2008 (Dkt. # 6, Exhibits O, S).

Petitioner now submits a Petition for Writ of Habeas Corpus to this Court and argues that:

1. The Petitioner did not qualify for the release, as he did not meet all the prerequisites.

2. The Florida Parole Commission did not have the authority pursuant to the 1981 version of Fla. Stat. § 947.18 to require Petitioner to submit to random drug testing.

3. The Florida Parole Commission violated Petitioner's privacy rights when it required him to submit to a drug test without probable cause. Additionally, the release conditions were vague and thus Petitioner did not violate them.

## II. STANDARD OF REVIEW

Since Petitioner's conviction was entered after the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, his petition is subject to the provisions thereof. The standard of review required in a federal habeas corpus proceeding is quite strict, resulting in a heavy burden on the petitioner to successfully overturn a state court conviction. Where, as here, a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry

v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).

"[W]hether a state court's decision was unreasonable must be assessed in the light of the record the court had before it."  Holland v. Jackson, 542 U.S. 649, 652 (2004) (citation omitted).  A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. 2254(e)(1); see also Henderson, 353 F.3d at 890-91.

As a threshold matter, federal habeas review is limited to the application of federal law and is unavailable for a reexamination of state-law questions.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved.  Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983); Beverly v. Jones, 854 F.2d 412, 416 (11th Cir. 1988).  Therefore, a federal court is bound by the state's interpretation of its own laws.  Beverly, 854 F.2d at 416.

## III. DISCUSSION

### A. Claims 1 and 2, Improper Application of Florida Law

In Claims 1 and 2, Petitioner alleges that the Parole Commission incorrectly applied Florida law. More specifically, in Claim 1, the Petitioner alleges that the Parole Commission lacked the statutory authority to place Petitioner on conditional release instead of parole. In Claim 2, Petitioner alleges that the Parole Commission lacked statutory authority to have Petitioner submit to random drug testing. On its face, the Petitioner is asking this Court to review Florida's application of its own laws. While Petitioner couches his argument in due process language, both Claims rely on an application of Florida law that is settled and thus beyond this Court's habeas review. However, looking beyond this jurisdictional bar, Petitioner's Claims are without merit.

First, Petitioner argues that his release in 1989 was pursuant to Fla. Stat. § 947.1405 (1989), also titled the Conditional Release Program Act, and did not satisfy the requirements for this Act. While Petitioner is correct with regard to the Conditional Release Program Act, Petitioner was released pursuant to Fla. Stat. § 947.16 (1989). While both statutes allow for the release of an inmate, the crucial difference between the two are the prerequisites needed in order to be released. The Conditional Release Program Act requires an inmate to have previously served a prior felony commitment at a state or federal correctional institution. Fla. Stat. § 947.16(1) (1989), only requires an inmate to be serving a prison term not less than twelve months, a perquisite the Petitioner met. Therefore, the Florida court correctly held that Petitioner's claim is without merit.

In Claim 2, Petitioner argues that the Parole Commission lacked the authority under Fla. Stat. § 947.18 (1981), to require the Petitioner to submit to random drug testing. The 1989 statute, unlike the 1981 version, expressly mandates that random drug testing be a parole condition when a drug arrest is involved. However, the 1981 statute also gives the Parole Commission the authority to attach conditions to a parole. In the instant case, the Parole Commission required, and the Petitioner agreed, "to submit to random testing as directed by [the Petitioner's] supervision officer or the professional staff of any treatment center where treatment is being received to determine the presence or use of alcohol or controlled substances..." (Dkt. # 6, Exhibit B). Petitioner asks this Court to interpret and construct the 1981 Florida law so as not to allow the Parole Commission to place this type of restriction in the conditions of a parole. The Florida court held that the Parole Commission had the authority to place this drug testing restriction into the conditions for parole and thus Claim 2 is without merit (Dkt # 6, Ex. M).

### 2. Claim 3, Drug Testing

In Claim 3, Petitioner presents a two-fold argument. First, the random drug testing violated his Fourth Amendment right protecting him against unreasonable searches and seizures. More specifically, Petitioner alleges that the parole officer did not have probable cause or a reasonable suspicion of drug use that would indicate the necessity of a drug test. Second, the conditions pertaining to drug use are vague and thus the Petitioner did not violate his parole conditions.

As a threshold matter, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494 (1976). "Full and fair consideration in the context of the Fourth Amendment includes at least one evidentiary hearing in a trial court and by an appellate court when there are facts are in dispute, and full consideration by an appellate court when the facts are not in dispute." Bradley v. Nagle, 212 F.3d 559, 565 (11th Cir. 2000) (internal quotations omitted).

In the instant case, Petitioner raised this Fourth Amendment claim during his initial habeas corpus proceeding before the Third Judicial Circuit of Florida, which was subsequently reviewed by Florida' First District Court of Appeal. At the trial level, the court held that Petitioner submitted to a drug test and that his Fourth Amendment rights were not violated (Dkt # 6, Exhibit M). The appellate court affirmed the trial court per curiam and denied the petition on the merits (Dkt. # 6, Exhibit S). Therefore, this Court is unable to grant Petitioner relief on this claim as he was afforded a fair and full opportunity to present the claim in both the state trial and appellate courts.

Setting aside this bar, Petitioner's claim is without merit. In making a determination under the Fourth Amendment, courts "examine the totality of the circumstances to determine whether a search is reasonable...." Samson v. California, 547 U.S. 843, 847 (2006) (internal quotations omitted). The reasonableness of "a search is [] is determined by assessing, on the one hand, the degree to which it intrudes upon an individuals's privacy and, on the other, the

degree to which it is needed for the promotion of legitimate governmental interests." Id. Parolees, although not incarcerated, are still under state-imposed punishment. Id. at 850. States are only willing to offer parole because the parolee has agreed to comply with certain requirements, such as supervision. Id. The conditions "clearly demonstrate that parolees ... have severely diminished expectations of privacy by virtue of their status alone." Id. at 852. Additionally, parole supervision promotes the state's interest in reducing recidivism and thus allows for toleration of privacy intrusions that would not ordinarily be cognizable under the Fourth Amendment. Id. at 853. Moreover, the state need not show a reasonable suspicion before conducting a search upon a parolee so as to avoid the parolee having a greater opportunity to anticipate searches and conceal criminality. Id. at 854. Finally, a parolee's reasonable expectation of privacy are even less so where "the parolee, as condition of being released from prison, has expressly consented to [searches] by his parole officer." United States v. Massey, 461 F.3d 177, 179 (2d Cir. 2006) (citing Samson, 547 U.S. at 848-53).

In light of these principles, Petitioner had little to no expectation of privacy as he expressly agreed to submit to random drug testing (Dkt. # 6, Exhibit B). The record does not indicate that Petitioner's choice to enter parole was anything but knowing, intelligent, and voluntary. If Petitioner did not wish to agree to the terms of the parole, he could have made that decision and be dealt with accordingly.

Finally, Petitioner argues that the conditions for parole pertaining to drug use are vague, and he did not violate the parole conditions. More specifically, Petitioner points to 4(a), "I shall not: Use alcohol or intoxicants of any kind in excess," and 4(b), "I shall not:

Use or possess narcotics, drugs, or marijuana unless prescribed by a physician." (Dkt. # 6, Exhibit B). Petitioner alleges that cocaine, the substance he tested positive for causing him to violate parole, is an "intoxicant," citing the Florida Supreme Court, and since a small amount was discovered, he did not use the "intoxicant" in excess.

As a threshold matter, construing the terms of the contract governing the Petitioner's parole or determining whether Petitioner violated his parole would require this Court to go beyond the power afforded to it by federal habeas review. Just as federal courts are unable to review state sentencing guidelines because they are a product of state law, Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988), parole and its procedures are products of state law and thus fall outside federal habeas review. Moreover, federal habeas review does not afford a parolee the right to have a federal court review a state's decision as to whether parole was violated. Hervy v. Sec'y, Dept. Of Corr., 2009 WL 1010216 at *4 (M.D. Fla. Apr. 14, 2009). Therefore, Petitioner does not have jurisdiction in this Court to raise this issue.

Setting aside the jurisdictional bar, this Court may dispose of Petitioner's claim because Petitioner is raising this argument for the first time and thus has not exhausted his state remedies. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (2008); Com of Pa ex rel Craig v. Maroney, 348 F.2d 22, 33 (3d Cir. 1965) (The denial of a petition for habeas corpus on the merits remains possible even though state remedies may not have been exhausted.); Russell v. State of Mo.,

511 F.2d 861, 863 (8th Cir. 1975) (It is useless to require petitioner to exhaust his state remedy on a claim that even if true fails to allege grounds upon which any post-conviction relief might be granted.).

Petitioner's claim is without merit. Petitioner is attempting to play a game of semantics by classifying cocaine as an "intoxicant," and thus, citing clause 4(a) of his parole release conditions, claims he is allowed to use the drug as long as it is not in excess. However, Webster's II New College Dictionary 214 (1999), classifies cocaine as "[a] colorless or white crystalline *narcotic*." (Emphasis added). Therefore, Petitioner clearly violated clause 4(b) of his parole release conditions, which prohibits the use or possession of *narcotics* unless proscribed by a doctor.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 10, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-147.miller order.wpd*