UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVIN MILLER,

    Petitioner,

v.                                    Case No. 8:09-CV-147-T-30AEP

FLORIDA PAROLE COMMISSION, et al.,

    Respondents.
_____/

## ORDER

Before the Court are Petitioner's Notice of Belated Appeal (Dkt. 12) which the Court construes as a motion for extension of time to file an appeal pursuant to Fed.R.App.P. 4(a)(5) (hereinafter "Rule 4(a)(5) motion");[1] Belated Application for Certificate of Appealability (Dkt. 15); and Affidavit of Indigency in support of his motion for leave to proceed on appeal in forma pauperis (Dkt. 16).

**Analysis**

The Court entered an order on December 10, 2009, denying Petitioner's § 2254 petition (Dkt. 10). Judgment was entered on December 11, 2009 (Dkt. 11). Petitioner failed to timely file a notice of appeal required by Fed. R. App. P. 3(a)[2] and 4(a)(1)(A).[3] On February 8, 2010, Petitioner filed his Rule 4(a)(5) motion (Dkt. 12).

---

[1] The Clerk of the Court also construed the Notice of Belated Appeal as an application for a certificate of appealability (Dkt. 13).

[2] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a).

[3] "[T]he notice of appeal required by Rule 3 must be filed with the district court within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (citation omitted). *See also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1114 (11th Cir. 1993) ("[f]iling an appeal within the thirty day time limit has been construed as a mandatory precondition to this Court's exercise of jurisdiction. . . .") (quoting *Borio v. Coastal Marine Constr. Co.*, 881 F.2d 1053, 1055 (11th Cir.1989)). If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal. *Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525 (11th Cir.), *cert. denied*, 502 U.S. 968 (1991).

The procedural bar which results from the application of Fed. R. App. P. 3(a) and Fed. R. App. P. 4(a)(1)(A) may be overcome if the circumstances which caused the untimeliness of the notice of appeal fall within the exceptions set out in of Fed. R. App. P. 4(a)(5)[4] or (6).[5] A district court may extend the time to file a notice of appeal in a civil case if: (1) a party moves for an extension within 60 days of the judgment to be appealed; and (2) a party shows excusable neglect or good cause. *Leonard v. Holmes*, 335 Fed. Appx. 896, 897 (11th Cir. 2009) (unpublished opinion). Petitioner constructively filed his Rule 4(a)(5) motion on February 8, 2010.[6] Therefore, the Court next turns to whether Petitioner has shown

---

[4] Fed. R. App. P. 4(a)(5) provides, in pertinent part, that the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause. Fed. R. App. P. Rule 4(a)(5)(A).

[5] Fed. R. App. P. 4(a)(6) provides, in pertinent part, that the district court may reopen the time to file a notice of appeal if "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. Rule 4(a)(6)(A). Because Petitioner does not allege that he did not receive notice of the entry of the judgment in this case within 21 days after entry, he is not entitled to relief under Rule 4(a)(6).

[6] A pro se inmate's pleading is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner delivered his Rule 4(a)(5) motion to prison officials for mailing on February 8, 2010 (Dkt. 12 at pg. 1).

2

excusable neglect or good cause in failing to timely file his notice of appeal. The Court concludes that he has not.

In order to meet the criteria of Fed. R. App. P. (4)(a)(5), the movant must show that the failure to file the notice of appeal was a result of excusable neglect. *See* Fed. R. App. P. 4 advisory committee's note (stating that a showing of excusable neglect is the appropriate standard in cases in which the motion is made after the time for filing the notice has run). In his Rule 4(a)(5) motion, Petitioner asserts that because he "is a layman and unskilled in law" he had to rely on Ray Green, another prisoner, to assist him with his legal work. He next asserts that in January 2010, officers searched Ray Green's cell and confiscated all of the legal work in his possession because he was not a certified law clerk, and therefore was not allowed to assist other prisoners with their legal work. He next asserts that the officers did not return the legal work to him until he asked them to do so, and when they returned his legal work to him an officer either destroyed or misplaced his notice of appeal. He, therefore, had to prepare another notice of appeal. Petitioner has wholly failed to show that the failure to file a timely notice of appeal was a result of excusable neglect.

The Supreme Court has "held that when analyzing a claim of excusable neglect, courts should 'take account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimatiing Sys.*, 77 F.3d at 1325 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Petitioner wholly fails to show that the reason for

3

the delay was not reasonably within his control. First, he states that his notice of appeal was confiscated from Ray Green's cell "on or about January 2010[.]" (Dkt. 12 at pg. 2). He wholly fails to allege that the notice of appeal was confiscated before January 10, 2010, which is 30 days after judgment was entered on December 11, 2009. Therefore, his notice of appeal may have been untimely even before it was confiscated. Second, it was within Petitioner's control whether to prepare the notice of appeal on his own,[7] or use a certified law clerk to prepare it for him. He made the decision to seek help from another prisoner who was not authorized to prepare legal documents on behalf of other prisoners. He cannot now complain that officers confiscated his notice of appeal from Ray Green when Ray Green was not authorized to prepare legal work for other prisoners. Third, even if Ray Green was authorized to prepare the notice of appeal on his behalf, Petitioner wholly fails to allege facts showing that he diligently attempted to prepare a new notice of appeal once the original notice was allegedly destroyed or lost. His unexplained delay precludes the Court from finding that he was diligent in taking action to protect his legal rights.

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). However, a litigant is not excused from complying with a Court order or other judicial deadline because of his *pro se* status. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the

---

[7]The Court notes that preparation of a notice of appeal is not a difficult task and does not require extensive research or writing. Further, other than claiming he is a "layman and unskilled at law[,]" Petitioner wholly fails to allege facts demonstrating that he was incapable of preparing a notice of appeal. Moreover, he does not allege that he did not know how and when to file a notice of appeal.

4

problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines").

Further, since Petitioner failed to satisfy the notice requirements to perfect an appeal under Rules 3(a) and 4(a), granting him a certificate of appealability and leave to proceed on appeal in forma pauperis would be an exercise in futility.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Notice of Belated Appeal (Dkt. 12), construed as a motion for extension of time to file an appeal pursuant to Fed.R.App.P. 4(a)(5), is **DENIED**.

2. Petitioner's construed application for a certificate of appealability (Dkt. 13) and Belated Application for Certificate of Appealability (Dkt. 15) are **DENIED**.

3. Petitioner's motion to proceed on appeal in forma pauperis (Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 23, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*
Counsel of Record

5